

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

November 20, 1947

Hon. Jesse James,
State Treasurer,
Austin, Texas

Opinion No. V-435

Re: Authority of the Treasury Department to microfilm and destroy Old Age Assistance warrants, paying the expense thereof from its contingent expense funds.

Dear Sir:

Your request for an opinion by this department upon the above subject matter is as follows:

"At its regular session in 1947 the Legislature enacted House Bill 250, creating a Records Administration Division in the State Library. This statute allows the microfilming and subsequent destruction of public records deemed no longer useful. However, no funds were provided for carrying out the provisions of this act.

"Due to lack of space for filing purposes, this department desires to microfilm and destroy all Old Age Assistance warrants paid by this office prior to September 1, 1942. Under the provisions of this and other statutes are we authorized to do this, paying the expenses thereof from our contingent expense funds? We, of course, intend to obtain the approval of the Librarian and the State Auditor. We have already obtained the approval of the Regional Director of the Social Security Administration."

Section 1 of House Bill No. 250, 50th Legislature, General and Special Laws, 1947, page 945, authorizes the Texas Library and Historical Commission to establish and maintain in the State Library a Records

Administration Division "which (1) shall manage all public records of the State with the consent and co-operation of the heads of the various departments and institutions in charge of such records and (2) shall also conduct a photographic laboratory for the purpose of making photographs, micro-photographs, or repro-ductions on film, or to arrange for all or part of such work to be done by an established commercial agency which meets the specifications established by this Article for the proper accomplishment of the work . . ."

Section 1 of this Act further provides that "the State Librarian is hereby authorized to make pho-tographic reproductions for private and public use on the following basis: (1) For official use of depart-ments and institutions no charge shall be made;   (2) for the official use of local units of government charge shall be made on a cost basis;  (3) for copies of public records for private use charge shall be at a rate to be fixed by the State Librarian in keeping with standard commercial rates . . ."

Section 2 of House Bill 250 provides that ". . . when any State official has had photographic reproductions . . . made of any public records . . . in his office, even though such records be current, he may designate such photographic reproductions as original records for all legal purposes and may there-upon transfer the records which have been replaced by the photographic reproductions to the State Librarian, who shall receipt therefor.  The State Librarian with the consent of the State Auditor may dispose of trans-ferred records by further transfer or by destruction . . ."

The provisions of Section 1 of this Act cre-ate a procedure by which the Texas Library and Histor-ical Commission may undertake the work of microfilming department records for official use of departments at no charge to the department in question.  It is re-gretable that no appropriation was made to defray the expenses of operating this Records Administration Di-vision in the State Library, since the absence of an appropriation has necessarily prevented the Texas Li-brary and Historical Commission from carrying Section 1 of this Act into operation at this time.  Since the

item of contingent expense in the appropriation for the State Treasury Department is specifically for the payment of contingent expenses of that department, this State Treasury Department contingent expense appropriation would not be transferable to the Texas Library and Historical Commission for the purpose of enabling the Records Administration Division in the State Library to undertake the reproduction work you have in mind.

Section 2 of this Act specifies the action which may be taken by a State official after that official "has had photographic reproductions made of any public records in his office". To specify the action which any State official might take in connection with photographic reproductions which he has had made would be useless if State officials lacked the authority to make such reproductions in the first instance. It must follow that this legislative expression of the action which State officials may take with reproductions they have had made is a legislative expression that the authority to make such reproductions is vested in the heads of State departments and institutions.

Since the State Treasurer has authority to have photographic reproductions of his records made without reference to the authority of the Records Administration Division in the State Library, it is our opinion the contingent expense appropriation of the State Treasury Department may be utilized by the State Treasurer to defray the cost of having these records microfilmed.

The State Librarian would not be authorized to enter into a contract to do this reproduction work for the State Treasury Department at commercial rates, due to the express provision in H. B. 250 that its work for such Departments shall be without charge.

In the previous opinion of this office numbered O-2241, a copy of which is enclosed for your reference, it was held that a State agency could not destroy its records in absence of a statute authorizing such destruction. We expressly adhere to that previous opinion. However, while the State Treasury Department is not authorized to destroy these records following their photographic reproduction on microfilm, Section 2 of this House Bill 250 specifies the action which the State Treasurer may take with these

records.    The State Treasurer may designate the photographic reproductions as original records for all legal purposes, and may thereupon transfer the records which have been replaced by the photographic reproductions to the State Librarian, who shall receipt therefor.

The State Librarian, with the consent of the State Auditor, would be authorized to further transfer these records or to destroy these records, although the State Treasurer could not undertake such destruction at his own instance.

## SUMMARY

The State Treasury Department is authorized to have photographic reproductions of its records prepared, defraying the cost of this work from the contingent expense appropriation of the State Treasury Department.

The State Treasury Department is not authorized to destroy its original records following their photographic reproductions, but it is authorized to transfer the records which have been replaced by photographic reproductions to the State Librarian. The State Librarian is authorized to destroy or further transfer such records.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By David B. Irons
David B. Irons
Administrative Assistant

DBI:bb
Enclosure

APPROVED:

Price Daniel
ATTORNEY GENERAL